UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

In Re:                                              Case No. 18-35074 (cgm)
                                                    **Chapter 11**

      119 Main Street, L.L.C.,

                              Debtor.
-------------------------------------------------------------

## MOTION OF RHINEBECK BANK
## FOR AN ORDER TERMINATING THE AUTOMATIC STAY

      RHINBECK BANK, by and through its undersigned counsel, hereby respectfully submits this motion (the "Motion"), for an Order pursuant to 11 U.S.C. §362(d)(3) vacating the automatic stay with respect to the real property commonly known as 115-121 Main Street, New Paltz, New York 12561 (the "Property"), which is owned by the Debtor. In support of the Motion, RHINEBECK BANK respectfully states as follows:

      1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§135 and 157 and 11 U.S.C. §362.

      2.    On or about January 15, 2018, Debtor filed its voluntary petition for relief under Chapter 11.

      3.    RHINEBECK BANK is the holder of a promissory note (the "Note"), which is secured by a mortgage (the "Mortgage") on the Property. Copies of the Note and the Mortgage are attached as **Exhibits A** and **B**, respectively.

      4.    On May 13, 2016, RHINEBECK BANK commenced a foreclosure proceeding against the Debtor in the Supreme Court for the State of New York, County of Ulster bearing Index No. 2016/11296.

      5.    RHINEBECK BANK's foreclosure action was stayed by Debtor's filing of a

1

voluntary petition on January 15, 2018.

6. As of January 15, 2018, the Debtor owed RHINEBECK BANK $2,085,051.44 under the Note, which includes interest, fees, late charges, outstanding taxes and penalties.

7. Under Section 362(d)(3), the automatic stay of an act against single asset real estate by a secured creditor terminates on the later of 90 days after the entry of the order for relief and 30 days after the court determines that the debtor is subject to Section 362(d)(3) unless (i) the debtor has filed a reasonably plausible plan of reorganization or (ii) has started making monthly payments to the creditor of at least the non-default contract rate of interest. The date that was 90 days after the entry of the order for relief was April 14, 2018.

8. As of the date hereof, the Debtor has not filed a plan of reorganization.

9. As of the date hereof, the Debtor has not made any monthly, non-default rate interest payments to RHINEBECK BANK during this proceeding.

10. RHINEBECK BANK has not received payments from Debtor since February 2016, more than a year before the Debtor's petition date.

11. An affidavit of facts from James T. McCardle III is submitted herewith.

12. No prior application has been made for the relief requested herein.

**WHEREFORE**, RHINEBECK BANK respectfully requests entry of an Order granting it relief from the automatic stay pursuant to Section 362(d)(3) so as to permit it to exercise its rights to proceed with the foreclosure action with regard to the Property, and for such other and further relief as to this Court seems just and proper.

CORBALLY, GARTLAND AND RAPPLEYEA, LLP • ATTORNEYS AND COUNSELORS AT LAW
35 MARKET STREET • POUGHKEEPSIE, NEW YORK 12601 • (845) 454-1110

Dated: Poughkeepsie, New York
      April 23, 2018

                Yours etc.,

                **CORBALLY, GARTLAND AND RAPPLEYEA, LLP**

                By: /s/ Patrick T. Gartland
                    Patrick T. Gartland (PG0688)
                    Attorneys for Creditor
                    Rhinebeck Bank
                    35 Market Street
                    Poughkeepsie, NY 12601
                    (845) 454-1110