DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
*Attorneys for the Debtor*  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Julie Cvek Curley, Esq.

*Hearing Date: January 15, 2019*  
*Hearing Time: 9:30 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------X  
In re

119 MAIN STREET, L.L.C.,

                Debtor  
---------------------------------------------------------X

Chapter 11  
Case No. 18-35074-cgm

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION  
FOR ORDER VOLUNTARILY DISMISSING THE DEBTOR'S  
<u>CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §1112(b)(1) AND (4)</u>**

## PRELIMINARY STATEMENT

By its Motion,[1] the Debtor is seeking entry of an order dismissing its Chapter 11 Case pursuant to Section 1112(b)(1) and (4) of 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"). The Debtor is a "single asset real estate" entity. Insofar as relief from the automatic stay was granted to the Secured Creditor, there are no assets left to reorganize. Accordingly, cause exists to dismiss the Chapter 11 Case.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying Declaration of Julie Cvek Curley (the "Curley Declaration") for a recitation of the background facts. The Court is respectfully referred to the Curley Declaration for the defined terms herein.

## ARGUMENT

The Debtor respectfully submits that the Motion should be granted and the Chapter 11 Case may be properly dismissed for the following reasons:

- Insofar as relief from the automatic stay has been granted with respect to the Debtor's sole asset, there has been diminution in the value of the estate, and it is unlikely that there will be any possibility of rehabilitation ("cause" under §1112(b)(4)(A)); and

- The Debtor's case was commenced due to a two-party dispute, and now that the creditor has obtained relief from the automatic stay, the interests of the debtor would be better served by such dismissal (11 U.S.C. §305).

### A. Cause Exists for Dismissal Under §1112(b)(4)

Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part:

> [A]fter notice and a hearing,…the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Curley Declaration.

2

estate, if the movant establishes cause.

Section 1112(b)(4) lists sixteen non-exclusive samples of "cause." The first enumerated circumstance that constitutes "cause" to dismiss a chapter 11 case is for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A).

The Debtor respectfully submits that it has satisfied the requirements under §1112(b)(4)(A). The Debtor's only asset is a 0.21-acre lot located at 115-121 Main Street, New Paltz, New York (the "Property"). The Property is improved with a two-story building with a partially finished basement. Rhinebeck Bank holds a first priority mortgage against the Property. By order dated November 6, 2018, Rhinebeck Bank was granted relief from the automatic stay to permit Rhinebeck Bank to resume its collection efforts, including by not limited to, resuming the foreclosure proceeding against the Property. Since the Debtor's only asset is compromised and the Debtor has not engaged in any operations post-petition, there is very little likelihood that the Debtor, or any other entity, could rehabilitate or reorganize the Debtor's affairs.

**B. The Debtor's Chapter 11 Case Should be Dismissed under §305(a)**

2. Section 305(a) of the Bankruptcy Code, entitled "Abstention," provides, in relevant part, that the court "may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if: (1) the interests of creditors and the debtor would be better served by such dismissal or suspension…".

3. "Courts that have construed Section 305(a)(1) are in general agreement that abstention in a properly filed bankruptcy case is an extraordinary remedy, and that dismissal is appropriate under that provision only where the court finds that both 'creditors and the debtor' would be 'better served' by a dismissal." *In re Globo Comunicacoes e Participacoes S.A.*, 317

3

B.R. 235, 255 (S.D.N.Y. 2004).

4.   To determine whether dismissal is in the interests of creditors and the debtor, courts within the Second Circuit have examined the following factors:

   (1) the economy and efficiency of administration;

   (2) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in a state court;

   (3) whether federal proceedings are necessary to reach a just and equitable solution;

   (4) whether there is an alternative means of achieving an equitable distribution of assets;

   (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case;

   (6) whether a non-federal insolvency has proceeded so far in those proceedings that it would be costly and time consuming to start afresh with the federal bankruptcy process; and

   (7) the purpose for which bankruptcy jurisdiction has been sought.

*See In re Selectron Mgmt. Corp.*, No. 10-75320 (DTE), 2010 WL 3811863, at *5 (Bankr. E.D.N.Y. Sept. 27, 2010) (citation omitted).

5.   "While all factors are considered, not all are given equal weight in every case. The decision to abstain under § 305(a)(1) should be made on a case-by-case basis." *In re TPG Troy, LLC*, 492 B.R. 150, 160 (Bankr. S.D.N.Y. 2013) (internal citations and quotes omitted).

6.   It is recognized that the goal and purpose of a chapter 11 case is two-fold: (1) preserving the going concern of the Debtor, and (2) maximizing property available to satisfy creditors. *See,* Bank of America Nat' l Trust & Sav. Ass' n v. 203 N. LaSalle Street P' ship, 526 U.S. 434, 435, 119 S. Ct. 1411, 1413, 143 L. Ed. 2d 607 (1999); See also, H. Rep. No. 595, 95th Cong. 1st Sess. 220 (1977), *reprinted in* App. Pt. 4(d)(I) *infra*; S*ee NLRB v. Bildisco & Bildisco*,

4

465 U.S. 513, 527, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) ("the policy of Chapter 11 is to permit successful rehabilitation of debtors").

7.  As discussed above, the automatic stay has been modified so that Rhinebeck Bank was permitted to exercise its rights as against the Property, the Debtor's sole asset. Thus there are no real assets to administer or reorganize for the benefit of the Debtor's estate or creditors.

## CONCLUSION

For the reasons set forth in this Memorandum of Law and accompanying Curley Declaration, this Debtor respectfully requests that this Court enter an order dismissing the Chapter 11 Case pursuant to §1112(b)(1) and (4) of the Bankruptcy Code, together with such other and further relief as this Court may deem necessary and appropriate.

Dated:  White Plains, New York
        December 7, 2018

> DELBELLO DONNELLAN WEINGARTEN
> WISE & WIEDERKEHR, LLP
> *Attorneys for the Debtor*
> One N. Lexington Avenue, 11th Floor
> White Plains, New York 10601
> (914) 681-0200
>
> By: */s/ Julie Cvek Curley*
>       Julie Cvek Curley